# FEDERAL OPINIONS

### No. 874

## MAUMEE VALLEY ELEC. CO. v. TOLEDO
### (City)

#### U. S. Appeals, 6th Circuit

#### No. 4483.   Decided May 14, 1926

**1261. WATER AND WATER COURSES—** Where state abandons portion of canal, it has the right to impose conditions upon a city purchasing same for protection of those having water rights under leases from the state.

**203. CANALS—Abandonment of —** Where leases are for use of surplus water not needed for navigation purposes, city is estopped from repudiating obligations assumed by the contract even though the state, by its abandonment, could have lawfully terminated the water rights.

KNAPPEN, C. J.

The Maumee Valley Electric Co. is the owner of six water leases given by the state by which the Company was given authority to use all surplus water flowing in the Miami Erie Canal between the village of Providence and the city of Toledo, not needed for navigation and not under lease to other parties, such leased water to be taken from the canal at the village of Maumee.

The first of these water leases was granted in 1895 for a period of 30 years from March 12th of that year.  Other leases were given during the next ten years and each for a period of 30 years with a 30 year renewal right.

In 1920 the General Assembly of Ohio declared the abandonment for both canal and hydraulic purposes, that portion of the Canal from which the Electric Co. takes its water power.  This abandoned section of the Canal waws authorized to be sold to the city of Toledo for $300,000, and said property was conveyed in fee simple to the city, but "excepting therefrom and subject to the rights of owners of existing leases of either lands or water or both."  Further in case the state's lessees are deprived of water privileges, the city wwas to pay for compensation for loss of water to which the lessees are entitled.

The city, by resolution of council, directed the superintendent of public works to cut off the flow of water which action would destroy the company's water rights.  A temporary injunction was granted the plaintiff by the Dis-

trict Court, but on final hearing the bill was dismissed.  Appeal from the dismissal was prosecuted.

The city's defense was that plaintiff's leases were only for surplus water not needed for navigation purposes; that the state could abandon the canal for purposes of navigation at any time; that after it had done so in 1920, there remained no surplus water; that the state had no right to maintain the canal for supplying water for hydraulic purposes only; that the city incurred no liability through the abandonment by which the plaintiff's water rights were destroyed.

The Circuit Court of Appeals held:

1. Through the act of the legislature on Jan. 22, 1920, and the conveyance thereunder to the city of Toledo, the latter became obligated to respect and protect the plaintiff's water rights as they were being enjoyed at the time of the abandonment.

2. The city had no right or power to interfere with plaintiff's use of the water to the extent of which plaintiff was using same during the remainder of the respective terms of the leases, except upon payment of compensation therefor or by statutory condemnation.

3. The Legislature had the power to impose upon the city the conditions in favor of the plaintiff as they have been construed.

4. The rule is established that one for whose benefit a promise is made may enforce performance in equity; and it is therefore the natural inference that the promise of the state to protect the rights of the owners of the water privileges was exacted by the state and made by the city for the plaintiff's benefit.

5. By accepting the deed from the state upon the terms and conditions contained in the legislative act, the city is equitably estopped from repudiating the obligations toward plaintiff thus assumed.

6. Decree of the District Court reversed and the record remanded and injunction to be granted against doing any act to obstruct or prevent flow of water to plaintiff's plant at Maumee, except upon compliance with its obligations to make payment to plaintiff.

Decree accordingly.

Attorneys—U. G. Denman, Toledo, Karl E. Burr, Columbus, and Elmer E. Davis, Toledo, for Company; Martin S. Dodd and F. M. Dotson, Toledo, for City.